UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONNIE INGRAM,<br><br>                            Plaintiff,<br><br>-v.-<br><br>NEW YORK POLICE DEPARTMENT 10TH PRECINCT OFFICER WATERS; NYPD TRAFFIC DEPARTMENT; NYPD INTERNAL AFFAIRS OFFICE; NYPD; NEW YORK CITY,<br><br>                            Defendants. | 24 Civ. 6914 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her constitutional rights. By order dated September 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.   The New York Police Department (NYPD) and NYPD Departments

Plaintiff's claims against the NYPD, the NYPD Traffic Department, and the NYPD Internal Affairs Office must be dismissed because agencies of the City of New York are not an entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson* v. *City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

B.   **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants the City of New York and 10th Precinct Officer Waters through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).[2]

---

[1]   Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

[2]   Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In her pleading, Plaintiff complains about conduct by multiple traffic agents over several years, and not one particular individual, and she does not appear to provide sufficient information to permit the NYPD to identify one particular traffic agent. If this matter proceeds to

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C. Requests to expedite the case and for an emergency hearing

Plaintiff submitted letters seeking expedited relief and an "emergency hearing." (Dkt. #5, 6). She alleges that she has become homeless and needs this matter to proceed quickly. The Court construes these letters as seeking preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc.* v. *W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright* v. *Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore* v. *Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Based on the allegations in the complaint and the subsequent filings, Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor.

---

discovery, and Plaintiff learns the names of particular individuals who were involved in these events, the Court will consider granting her leave to file an amended complaint.

4

Accordingly, Plaintiff's requests for preliminary injunctive relief are denied. Due to the amount of time that has passed since Plaintiff filed her complaint, however, the Court will take whatever steps it can to expedite service on Defendants.

## CONCLUSION

The Court dismisses Plaintiff's claims against the NYPD, the NYPD Traffic Department, and the NYPD Internal Affairs Office. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The requests for expedited relief and an emergency hearing are denied without prejudice.

The Clerk of Court is instructed to issue a summons for Defendants City of New York and 10th Precinct Officer Waters, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Parties proceeding *pro se* may submit filings by email to prose@nysd.uscourts.gov and may consent to receive all court documents electronically. The consent to electronic service form and instructions on the email service are both available on the Court's website at nysd.https://nysd.uscourts.gov/uscourts.gov.

*Pro se* parties who do not wish to submit filings electronically may submit documents by regular mail or in person at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street).

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: February 14, 2025
       New York, New York

                                             KATHERINE POLK FAILLA
                                          United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. City of New York
   100 Church Street
   New York, N.Y. 10007

2. 10th Precinct Officer Waters
   230 West 20th Street
   New York, N.Y. 10011