UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BONNIE INGRAM,

                Plaintiff,

          -v.-

NEW YORK POLICE DEPARTMENT
10TH PRECINCT OFFICER WATERS;
NYPD TRAFFIC DEPARTMENT; NYPD
INTERNAL AFFAIRS OFFICE; NYPD;
NEW YORK CITY,

                Defendants.

24 Civ. 6914 (KPF)

**ORDER**

KATHERINE POLK FAILLA, United States District Judge:

On October 20, 2025, the Court granted Defendants' request for an extension in the time to complete discovery in the above case.  (Dkt. #25).  That same day, it entered a revised case management plan.  (Dkt. #26).  Then, on November 12, 2025, Plaintiff, who is proceeding *pro se*, mailed a letter to the Court (Dkt. #27), which the Court construed as a motion to accelerate discovery, or alternatively a motion to reconsider the earlier grant of a discovery extension (Dkt. #28).  In response, the Court set a conference at which it would hear from the parties on the progress of discovery and rule on Plaintiff's motion.  (*Id.*).  That conference was held on December 8, 2025.  This Order resolves certain issues discussed during the conference.

*First*, the Court hereby deems Ms. Ingram to have amended her Complaint to include those factual assertions (as distinguished from legal arguments) that she made during the conference.  *See Yates* v. *Villalobos*, No. 15 Civ. 8068 (KPF), 2018 WL 718414, at *1 n.2 (S.D.N.Y. Feb. 5, 2018) (noting

that courts may consider factual assertions that *pro se* plaintiffs make at pre-motion conferences); *accord Polardo* v. *Adelberg*, No. 22 Civ. 2533 (KMK), 2023 WL 2664612, at *1 n.2 (S.D.N.Y. Mar. 28, 2023) (collecting cases), *appeal dismissed sub nom. Poplardo* v. *Adelberg*, No. 23-604, 2023 WL 4504459 (2d Cir. June 8, 2023); *cf. Walker* v. *Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

*Second*, Ms. Ingram's motion to accelerate discovery is DENIED.  As discussed during the conference, there has been some confusion over the scope of Ms. Ingram's claims, so Defendants need the previously granted time to ensure that there is sufficient discovery into each of her allegations.  The Court reiterates, however, that no extensions in the discovery schedule will be granted.  (Dkt. #25).

The Clerk of Court is directed to terminate the pending motion at docket entry 29.  The Clerk of Court is further directed to mail a copy of this Order to Plaintiff at her address of record.

SO ORDERED.

Dated:  December 8, 2025
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

2